FILED

2010 Apr-27  PM 04:16
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ALABAMA

### JASPER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.  09-cr-449-KOB-RRA |
| | ) | |
| CHARLES WILLIAM ELLIOTT | ) | |

### PLEA AGREEMENT

The Government and defendant, Charles William Elliott, hereby acknowledge the following plea agreement in this case:

### PLEA

The defendant agrees to (i) plead guilty to **COUNT(S)** One, Three, and Four of the Indictment filed in the above numbered and captioned matter; (ii) pay restitution as recommended by the Government and (iii) consent to an order of forfeiture as to **COUNT(S)** Six and Seven. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT(S)** Two and Five at the time of sentencing and to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

Page 1 of 22          Defendant's Initials _____

## TERMS OF THE AGREEMENT

## I. MAXIMUM PUNISHMENT

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Enticement, in violation of Title 18, United States Code, Section 2422(b), as charged in COUNT One, is:

      a.    Imprisonment for not less than 10 years, up to Life;

      b.    A fine of not more than $250,000.00, or,

      c.    Both (a and b); and

      d.    Supervised release of not less than 5 years up to Life; and

      e.    Special Assessment Fee of $100.

The Parties understand that the maximum statutory punishment that may be imposed for the crime of Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252A(a)(5)(B), as charged in COUNT Three is:

      a.    Imprisonment for not more than 10 years;

      b.    A fine of not more than $250,000.00, or,

      c.    Both (a and b); and

      d.    Supervised release of not less than 5 years up to Life; and

      e.    Special Assessment Fee of $100.

The Parties understand that the maximum statutory punishment that may be

imposed for the crime of TRANSFER OF OBSCENE MATERIAL TO MINORS, in violation of Title 18, United States Code, Section 1470, as charged in COUNT Four is:

    a.    Imprisonment for not more than 10 years;

    b.    A fine of not more than $250,000.00, or,

    c.    Both (a and b); and

    d.    Supervised release of not more than 3 years; and

    e.    Special Assessment Fee of $100.

## II. FACTUAL BASIS FOR PLEA

The Government is prepared to prove, at a minimum, the following facts at the trial of this case:

Between on or about August 1, 2007 and continuing through on or about June 14, 2008, in Walker County, and elsewhere, within the Northern District of Alabama, the defendant, CHARLES WILLIAM ELLIOTT, used his computer to attempt to entice individuals known to him as minor females under the age of sixteen. For example, the defendant used his computer to attempt to entice an individual, known to the defendant as a 13 year old minor female, to engage in sexual activity for which the defendant can be charged with criminal conduct. For example, under the laws of the State of Alabama the defendant could be charged with various degrees of Rape

and/or Sexual Abuse.

Beginning on or about August 1st, 2007, the defendant initiated contact via the internet using the username "charlie_e44" with an individual identified to the defendant by using the username "bethanyizbored". "bethanyizbored" indicated that she was a 13 year old minor female. Charles William Elliott indicated that he was 47, which was true because the defendant was born January 21, 1960. The on-line contact became regular internet chat sessions using Yahoo! programs, and the communications traveled through Yahoo! computer servers that are located in California. The defendant quickly began to guide the conversation towards sexuality, and the conversations escalated to the defendant attempting to entice the minor female to engage in sexual conduct by talking about sex and viewing sexual images, including sending to "bethanyizbored" images of pornography and obscene images of the defendant's penis. For instance, the following chat session occurred on March 29, 2008 after the defendant sent "bethanyizbored", an image of the defendant's penis:

> charlie_e44(defendant): youi(sic) like that
> charlie_e44(defendant): ya you like it
> bethanyizbored: yeah cuz I havent seen stuff like taht(sic)
>         before
> charlie_e44(defendant): don't let mom se(sic)
> charlie_e44(defendant): we get in trrrrrrr(sic)
> ...
> charlie_e44(defendant): i would let you play with it

Then, after the defendant sent "bethanyizbored" an image of adult pornography

that depicts a female being penetrated in the mouth by an adult male penis while her pubic area is lasciviously exhibited, the following chat session occurred:

> bethanyizbored: can girls my age even do pics like taht(sic)?? lol
> bethanyizbored: i thought u had 2 be gorwn up 2 be a model
> charlie_e44(defendant): we could take them with a cam
> ...
> charlie_e44(defendant): so would you like to try what she is doing
> charlie_e44(defendant): be nice if you had a webcam you could show me what it looked like
> bethanyizbored: yeah but wuld(sic) it fit in my mouth?? i mean :"> what if my mouth is 2 small r somethin(sic)
> charlie_e44(defendant): no it is not to small it looks bigger then it is right there
> ...
> charlie_e44(defendant):ya be nice to go to a motel and spend the day and just thouch and feel each other
> bethanyizbored: yeah :)
> charlie_e44(defendant): ya i would like to be with you

The internet chat escalated to the defendant explicitly discussing a desire to engage in sexual activity with "bethanyizbored" and subsequently arranging to meet "bethanyizbored", who is known to the defendant as a 13 year old child, at a motel to engage in sexual activity. For example, the defendant engaged in the following chat session on March 30, 2008 that included the defendant sending obscene pornographic images of females dressed in sexy clothing, lasciviously exhibiting their pubic areas, and being penetrated in the mouth and vagina by an adult male penis while being sadistically and masochistically tied and dominated by an adult male:

Defendant's Initials _C̸ w̸E_

> charlie_e44(defendant): i would show you a lot of things
> charlie_e44(defendant): any thing you want
> charlie_e44(defendant): and i acnnot(sic) get a girl praggnet(sic) any more
> charlie_e44(defendant): i got that fixed so no spirm(sic) comes out
> bethanyizbored: rely? tahts(sic) good cuz mom wuld(sic) def freak if ia got preg
> charlie_e44(defendant): i still cum but it has no spirm(sic)
> ...
> charlie_e44(defendant):ya be nice to go to a motel and spend the day and just thouch(sic) and feel each other
> bethanyizbored: o ok
> charlie_e44(defendant): ya it is good
> charlie_e44(defendant): so i can cum in you

In the numerous chat sessions, the defendant indicated wanting to have sex, or engage in other illegal sexual activity, with "bethanyizbored", who had identified herself as a 13 year old female minor child. The defendant explicitly expressed a desire to lick and rub her vagina, and to penetrate her vagina, mouth, and anus with the defendant's adult male penis. The defendant was attempting to persuade, induce, or entice "bethanyizbored" to engage in sexual activity for which the defendant could be charged with a criminal offense. For example, under Alabama State law, the defendant attempting to have sex with a 13 year old female child could be charged as Attempted Rape in the 2nd Degree as enumerated in the Code of Alabama §13A-6-62 and §13A-4-2, which prohibits the defendant from attempting to persuade, induce, and entice an individual who identified themselves as a 13 year old female child to engage

in sexual intercourse with the defendant, who is older than 16 years old and more than two years older than a 13 year old female child. In addition, under federal law the defendant attempting to get "bethanyizbored" to take pictures of herself just like the images of pornography that the defendant distributed to "bethanyizbored" could be charged as Attempted Sexual Exploitation of Children in violation of Title 18, United States Code, Section 2251(a) and (e) which prohibits the defendant from attempting to persuade, induce, and entice an individual who identified themselves as a 13 year old female child to produce images of child pornography and send the images to the defendant via the internet on a webcam.

On June 14, 2008, the defendant made arrangements to meet "bethanyizbored" near her home. The defendant explicitly made arrangements to check into a motel and requested that "bethanyizbored"meet him at a KFC restaurant. The defendant paid $69.95 with a credit card to check into the motel in Dale County, Alabama. The defendant did not know that "bethanyizbored", was an adult woman working with an organization named "Perverted Justice", who immediately contacted law enforcement regarding the defendant's aforementioned illegal conduct.

An operation was conducted by Dale County Sheriff's Department that resulted in the defendant being arrested for traveling from Walker County to Dale County to meet "bethanyizbored" to engage in illegal sexual activity. The defendant was

Page 7 of 22          Defendant's Initials *C u E*

properly advised of his Miranda rights, voluntarily waived his Miranda rights, and agreed to speak with law enforcement. The defendant admitted to traveling to Dale County to meet an individual known to him as a 14 year old child and gave consent for law enforcement to search his home. A subsequent search warrant was obtained in Walker County by Walker County Sheriff's Office and the Federal Bureau of Investigation(FBI) to search the defendant's computer media.

A computer forensic analysis has been conducted of the defendant's computer media. The computer forensic analysis located numerous sexually explicit internet chat logs, images of sadistic and masochistic pornography, bestiality, obscene images of the defendant's penis, and approximately 20 images of child pornography on the defendant's computer media used to facilitate this offense, including 1) One Compaq Presaria SR1000 Computer with serial number MXF6130C50; 2) One Microsoft Lifecam webcam VX-3000 with serial number X806768-001; and 3) Six assorted computer disks (CDs). The defendant's computer media was manufactured outside the state of Alabama and the images of child pornography traveled in interstate commerce via the internet. The images of child pornography are of real children engaged in sexually explicit conduct, including a female child under the age of 12 being penetrated in the vagina and the mouth by an adult male penis. In addition, the defendant possessed at least one image of sadistic conduct that depicted a minor

Defendant's Initials _CWF_

female with her hands tied with black material as her mouth is penetrated by an adult male penis.

The computer forensic analysis was able to locate images of obscene pornography on the defendant's computer that matched the images of obscene pornography the defendant sent over the internet while attempting to entice the minor female to engage in illegal sexual activity. For example, the defendant distributed the following obscene material to an individual known to the defendant as a minor female under the age of 16 years old: 1) webcam images of the defendant masturbating the defendant's adult male penis; 2) an adult female on her knees tide with rope. Her thighs are tied with rope and spread apart while tied to the walls. Her arms are tied behind her back, but extended up behind and above her head in an apparently painful position. The females mouth is being penetred by an adult male penis and her mascara appears to be smudged, as if the female had been crying; and, 3) an image from a website entitled sexandsubmission depicts an adult female with her arms tied directly behind her back. Her mouth is jammed open with a metal object that is tied around her throat. An adult male is penetrating the adult females mouth with his adult male penis.

The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence.

Defendant's Initials $\mathcal{C}\omega\!\!\!/$

The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.

_____
Charles William Elliott, the defendant

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph **VIII** regarding subsequent conduct and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a)  The government will recommend a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt acceptance of personal responsibility for the defendant's conduct. The government may oppose *any* adjustment for acceptance of responsibility if the defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements

about the defendant's involvement in the offense; (d) is untruthful with the Court, the Government, or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw the plea of guilty for any reason other than those expressly enumerated in the Limited Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

(b)     That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term consistent and within the <u>low end</u> of the advisory United States Sentencing Guideline range as that is determined by the court on the date that the sentence is pronounced;

(c)     That following the said term of imprisonment, the defendant be placed on supervised release for a period to be determined by the court, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special condition(s):

1.      That the defendant be required to register as a sex offender

Defendant's Initials

for the full term of the defendant's supervised release, or for the full term provided for under the law of the jurisdiction the defendant chooses as the defendant's domicile, whichever is longer.

2. That the defendant, with the exception of the defendant's own children, if any, not have contact with any child under the age of 18, without the presence of an adult and approved in advance   by the Probation Officer, this includes prohibiting the defendant from having any contact with any child by telephone or the internet.  The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

3. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, plethysmography testing, and completion of the ABEL assessment, at the direction of the Probation Officer;

4. That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and

treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay.

5.  That the defendant register as a sex offender, according to the laws of each state in which the defendant resides, is employed, or is attending school. The defendant shall provide verification of compliance with this requirement to the Probation Officer; and

6.  That the defendant be prohibited from using any computer, or any other device, with internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal

or external peripherals.   This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program.  According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

(d)     That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e)     That the defendant be required to pay restitution as ordered by the court on the date sentence is pronounced. If any other restitution becomes known to the government before the date of sentencing, the government reserves the right to request additional restitution; and

(f)     That the defendant pay a special assessment fee of $300.00, said amount due and owing as of the date sentence is pronounced.

(g)     Should the government learn that the defendant has sexually

Defendant's Initials *CLF*

abused or assaulted any minor, or committed any other crime of violence or if any victim should come forward prior to the defendant's sentencing, this agreement will be considered null and void.

## IV.   WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, Charles William Elliott, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders, the court might impose.   Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders  imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding either or both of the following:

(a)   Any sentence imposed in excess of the applicable statutory maximum sentence(s); and

(b)   Any sentence imposed in excess of the guideline sentencing range determined by the court at the time sentence is imposed.

Page 15 of 22          Defendant's Initials *CWE*

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, Charles William Elliott, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_____
Charles William Elliott, the defendant

## V. **UNITED STATES SENTENCING GUIDELINES**

The defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are **advisory** in nature. Sentencing is in the court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. **AGREEMENT NOT BINDING ON COURT**

The defendant fully and completely understands and agrees that it is the Court's

duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation. Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. <u>SUBSEQUENT CONDUCT</u>

The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United States Attorney in her sole discretion.

Defendant's Initials *CWE*

## IX.  OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT BIND** any other United States Attorney in any other district, or any other state or local authority.

## X.  COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees to fully disclose all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant also will promptly submit a completed financial statement to the United States Attorney's Office, in a form that it provides and as it directs.  The defendant also agrees that the defendant's financial statement and disclosures will be complete, accurate, and truthful.  Finally, the defendant expressly authorizes the United States Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

## XI. AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above facts associated with the charges and relevant conduct for any other acts.  The defendant understands and agrees that the relevant conduct contained in the factual

basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII.   TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant   understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's **tax liabilities**, if any, or to any pending or prospective **forfeiture** or other **civil** or **administrative** proceedings.

The defendant agrees to forfeit to the government all of his right, title, and interest in any and all money, property, or assets of any kind, derived from or acquired as a result of, or used to facilitate the commission of, the defendant's illegal activities, including all digital media, personal computers, and computer-related media used to facilitate this offense, including 1) One Compaq Presaria SR1000 Computer with

serial number MXF6130C50; 2) One Microsoft Lifecam webcam VX-3000 with serial number X806768-001; and 3) Six assorted computer disks (CDs).

The defendant agrees to assist fully the government in the forfeiture of the foregoing assets. The defendant agrees to take all steps necessary to pass to the government clear title to these assets, including but not limited to executing any and all documents necessary to transfer his interest in any of the above property to the government, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that he will not assist a third party in asserting a claim to the foregoing assets in an ancillary proceeding.

The defendant knowingly waives all constitutional, legal and equitable defenses to the forfeiture of the foregoing assets. It is further understood that, in the event that the government files a civil action pursuant to 18 U.S.C. § 981 or any law enforcement agency initiates a forfeiture proceeding seeking to forfeit these assets, the defendant will not file a claim with the Court or agency or otherwise contest such a forfeiture action and will not assist a third party in asserting any such claim. It is further understood that the defendant will not file or assist anyone in filing a petition for remission or mitigation with the Department of Justice concerning the forfeited assets.

Page 20 of 22                    Defendant's Initials _CLE_

## XIII.  **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement consisting of pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case. I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this

Page 21 of 22          Defendant's Initials *C W E*

Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.

4-25-10
DATE

Charles William Elliott, the defendant

## XIV. COUNSEL'S ACKNOWLEDGMENT

I have discussed this case with my client, Charles William Elliott, in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

26 April 2010
DATE

6. Um
GEORGE ALLEN MEIGHAN, JR. ESQ.
The defendant's counsel

## XV. GOVERNMENT'S ACKNOWLEDGMENT

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

4/27/10
DATE

Daniel J. Fortune
Assistant United States Attorney

Page 22 of 22                    Defendant's Initials